PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY EDINGTON, | ) | |
| | ) | CASE NO. 4:14CV2397 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN OF FCI ELKTON, | ) | |
| | ) | **MEMORANDUM OF** |
| Defendant. | ) | **OPINION AND ORDER** |

*Pro se* Plaintiff Jeremy Edington filed this *Bivens*[1] action against the Warden of the Elkton Federal Correctional Institution (FCI Elkton). In the Complaint, Plaintiff alleges he has been denied access to the TRULINCS prison email system because of the nature of his crimes, which includes using electronic messaging to solicit sex from a minor. He asserts claims for denial of his First and Fourteenth Amendment rights. He asks the Court to order the Bureau of Prisons ("BOP") to give him access to TRULINCS.

## I. Background

Plaintiff is an inmate at FCI Elkton. On March 13, 2012, his unit team considered him for the electronic messaging portion of the Trust Fund Limited Inmate Computer System ("TRULINCS"). Based on the nature of his criminal offense, he was restricted from using the TRULINCS electronic messaging.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). While Plaintiff cites 42 U.S.C. § 1983, he is a federal prisoner suing federal government officials. Section 1983 requires an allegation of action under color of state law. Plaintiff's claims would arise, if at all, under *Bivens*.

(4:14cv2397)

Plaintiff pursued his administrative remedies to appeal the decision of his unit team. His request for informal relief was denied. He appealed this decision to the Warden, who upheld the decision of his unit team stating:

> a jury found you guilty of Coercion and Enticement, Receipt of Visual Depictions of Child Pornography, and Possession of Visual Depictions of Child Pornography. You solicited and engaged in chats with a 14-year old boy for the purpose of engaging in sexual acts. You utilized instant messaging to engage in sexually explicit conversations with the 14-year-old boy culminating in you driving to Hillard, Ohio to meet the boy. According to the Pre-Sentence Investigating Report (PSR), you were aware you were corresponding with a minor. In addition, you sent a message to the boy that you needed to exercise caution as you could be sent to prison. . . .
>
> As outlined in Program Statement 5265.13, Trust Fund Limited Computer systems (TRULINCS) - Electronic Messaging, inmates may be restricted from TRULINCS electronic messaging access when it is determined their use would threaten the safety, security, or orderly running of the institution or the protection of the public and staff. The Bureau recognizes the value of maintaining family and community ties, and, general correspondence, visitation and inmate telephone are available to you to communicate with your family and friends. Additionally, inmates are evaluated on a case by case basis for access to TRULINCS.

*Edington v. Warden FCI Elkton*, No. 4:13 CV 129 (N.D. Ohio Jan. 14, 2014)(dismissed because Edington sought relief under 28 U.S.C. § 2241). ECF No. 1-5.

Plaintiff appealed that decision to the BOP Regional Director. The Regional Director affirmed the decision stating:

> your current offense includes posting an advertisement on-line using a network of on-line communities for the purpose of engaging in sex. You not only engaged in on-line discussions regarding your sexual interests, you used electronic means to arrange to meet with the individual to engage in sexual activity. Your activities are sufficient to support the Warden's decision to restrict your access to electronic

2

(4:14cv2397)

>messaging, consistent with sound correctional judgment and protection of the public.

*Id.* (ECF No. 1-7).

Plaintiff appealed that decision to the BOP General Counsel. He did not receive a response and deems his appeals to be complete.

Plaintiff has now filed this *Bivens* action to challenge the decision to limit his access to electronic messaging through TRULINCS. He contends TRULINCS provides a means for him to stay in contact with friends and family outside of prison. ECF No. 1 at 3. He indicates that there are great benefits to society when inmates are able to stay connected to friends and family, such as lower recidivism and successful reintegration into society upon release. ECF No. 1 at 3. He contends it also reduces stress among inmates, leading to lower incidents of fighting and misconduct. Plaintiff argues that the conclusion that he is a safety risk is "baseless." ECF No. 1 at 5.

Plaintiff further contends that TRULINCS is safer and more secure than mail or telephones. He alleges TRULINCS is easier to monitor because messages can be stored for law enforcement purposes. ECF No. 1 at 5. He alleges it is impossible for an inmate to receive child pornography through TRULINCS because attachments are automatically deleted, but claims this is not true of mail. ECF No. 1 at 5. He states that TRULINCS does not provide access to the internet and therefore he cannot accomplish any illegal activity through TRULINCS that he could not also accomplish using the telephone, or regular mail. ECF No. 1 at 5. He claims it is never rational to deny an inmate access to TRULINCS. ECF No. 1 at 5.

Finally, Plaintiff asserts that others with convictions for more serious crimes are not denied access to TRULINCS. ECF No. 1 at 6. He claims the staff must treat all similarly situated inmates

3

(4:14cv2397)

the same, and he has been denied equal protection. (ECF No. 1 at 6). Plaintiff seeks an order from the Court requiring the BOP to give him access to TRULINCS.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. Neitzke, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32 (1992); Lawler, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

4

(4:14cv2397)

Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

### III. Analysis

While prisoners have a First Amendment right to communicate with the outside world, *see Valdez v. Rosenbaum*, 302 F.3d 1039 (9th Cir. 2002); *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989), they do not have a constitutional right to a particular form of communication, such as access to email. *See Bristow v. Amber*, No. 2:12–cv–412, 2012 WL 1963577, at *2-3 (S.D. Ohio May 31, 2012)(prisoners do not have a First Amendment right to access email); *Grayson v. Federal Bureau of Prisons*, 2012 WL 380426, * 3 (N.D.W.Va. Feb. 6, 2012)("[P]risoners have no First Amendment constitutional right to access email."); *Rueb v. Zavaras*, 2011 WL 839320, * 6 (D. Colo. Mar. 7, 2011)(Inmates do not have a First Amendment right to have access to email"); *Holloway v. Magness*, No. 5:07cv88, 2011 WL 204891, at *7 (E.D.Ark. Jan.21, 2011) ("[A]ssuming that the free speech clause of the First Amendment requires prisons to permit communication between prisoners and persons outside the prison, ... the First Amendment [does not require] that the government

5

(4:14cv2397)

provide telephones, videoconferencing, email, or any of the other marvelous forms of technology that allow instantaneous communication across geographical distances; the First Amendment is a limit on the exercise of governmental power, not a source of positive obligation ...."). The prison provides him with telephone access, regular mail, and visitation. Plaintiff's First Amendment rights were not violated.

Moreover, even if Plaintiff had successfully demonstrated that he had a First Amendment right to have email in prison, the Defendant's restriction was not unconstitutional. Although "incarceration does not divest prisoners of all constitutional protections," the "constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large." *Shaw v. Murphy*, 532 U.S. 223, 228-29 (2001). In the specific context of the First Amendment, the Court has stated that "some rights are simply inconsistent with the status of a prisoner or 'with the legitimate penological objectives of the corrections system.' " *Id.* at 229 (quoting *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). Maintaining security, order, and discipline are essential goals of a corrections system, and prison officials therefore are accorded wide latitude in the adoption and application of prison policies and procedures. *See Bell v. Wolfish*, 441 U.S. 520, 546-47 (1979). "[B]ecause 'the problems of prisons in America are complex and intractable,' and because courts are particularly 'ill equipped' to deal with these problems, [courts] generally have deferred to the judgments of prison officials in upholding these regulations against constitutional challenge." *Shaw*, 532 U.S. at 229. Plaintiff therefore bears the burden of "overcom[ing] the presumption that the prison officials acted within their broad discretion." *Id.* at 232.

In this case, the restriction of Plaintiff's access to email is reasonably related to legitimate

6

(4:14cv2397)

penological objectives. Plaintiff was convicted of using electronic messaging to solicit sex from a minor. Because Plaintiff had used a computer and email to further his criminal activity, the prison deemed that providing Plaintiff with access to TRULINCS would threaten the security of the institution and pose a threat to the public. Plaintiff contends that TRULINCS is structured in a way that limits Plaintiff's ability to communicate with a minor or to receive pornography through his email. Nevertheless, the prison's restriction is reasonably related to legitimate penological objectives. Plaintiff's First Amendment rights were not violated.

In addition, Plaintiff appears to be asserting a claim for denial of equal protection. He claims inmates, including other sex offenders were permitted to access TRULINCS while he was restricted from having access to email. He also argues that inmates who were convicted of using the telephone to commit crimes are not banned from using the telephone, nor are inmates convicted of using the mail to commit a crime barred from using the mail. This argument also fails to state a claim upon which relief may be granted.

The Equal Protection Clause prohibits government actors from engaging in discrimination that burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

7

(4:14cv2397)

Plaintiff has not shown disparate treatment. Although he indicates that the offense of conviction does not always result in a ban from a particular form of communication, he has not shown that these individuals were similarly situated to him. The decision to permit access to TRULINCS is not denied to a group as a whole, but rather is determined on a case by case basis. While Plaintiff attempts to equate inmates convicted of other sex offenses and those convicted of using the mail system to commit crimes with his situation, he has not alleged any facts to suggest that all of their relevant circumstances are the same. Plaintiff has failed to state a claim for denial of equal protection.

## IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 April 22, 2015                                /s/ Benita Y. Pearson
 Date                                          Benita Y. Pearson
                                               United States District Judge